IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALEJANDRO VILLA-GOMEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO.  11-CV-1057-WDS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The petitioner originally filed a motion in his criminal action, *United States v. Villa-Gomez,* 09-30100-WDS, which was converted to this civil action by the Court (See, Doc. 1). The petitioner was convicted, after a plea of guilty, on one count of conspiracy to possess and distribute cocaine and two counts of distribution of cocaine.  *United States v. Villa-Gomez*, No. 10-2007 (7th Cir. 2010).  The petitioner's sentence was upheld on direct appeal, *id.*, and he now seeks habeas review, asserting ineffective assistance of counsel in that he did not understand the nature of his plea and the Court improperly enhanced his sentence for obstruction of justice.

The Court has conducted several threshold inquiries. Petitioner is a federal prisoner, in custody, and this is the Court that imposed his sentence. *See* 28 U.S.C. § 2255(a). His claims for relief rely upon the grounds that his sentence was imposed "in violation of the Constitution or laws of the United States." *See id.* The motion was filed within one year of the date on which petitioner's conviction became final. *See Clay v. United States*, 537 U.S. 522, 525 (2003); 28 U.S.C. § 2255(f). This is not a "second or successive" motion that would require leave from the

court of appeals. 28 U.S.C. § 2255(h).

Accordingly, the Court **DIRECTS** the Government to respond to petitioner's motion (Doc. 1), attaching all relevant portions of the record, within forty-five (45) days of the date of this Order.

**IT IS SO ORDERED.**

**DATE:   10 September, 2012**

/s/  WILLIAM D. STIEHL
DISTRICT JUDGE