IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEJANDRO VILLA-GOMEZ,           ) | |
| )| |
| Petitioner,           ) | |
| ) | |
| v.           ) | No. 11-CV-1057-WDS |
| ) | No. 09-CR-30100-WDS |
| UNITED STATES OF AMERICA,           ) | |
| ) | |
| Respondent.           ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is petitioner Alejandro Villa-Gomez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 2) and a supplement (Doc. 3). The Government has responded (Doc. 7), and petitioner has replied (Doc. 8). Petitioner claims that his Sixth Amendment right to effective assistance of counsel was violated. He says his attorney should have objected at petitioner's sentencing when the Court imposed a two-level enhancement for obstruction of justice. He also believes his attorney should have argued that the charges against petitioner in the indictment under Title 21 should be vacated. Petitioner further suggests that the reason he perjured himself at sentencing was that he did not understand the law and that he was given the wrong dose of insulin for his diabetes.

### BACKGROUND

Petitioner pleaded guilty before this Court to one count of conspiracy to possess and distribute cocaine and two counts of distribution of cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846. Before entering his guilty plea, petitioner signed a stipulation of facts with the Government admitting to the conduct that gave rise to the charges against him. He

admitted to distributing cocaine, directly and through others, during the time periods charged in the superseding indictment. He admitted to distributing about 120 grams of cocaine on February 15, 2007, and he admitted to distributing another 20 grams of cocaine on April 18, 2008. He admitted that the total amount of cocaine he distributed was over 5 kilograms (Doc. 61, No. 09-CR-30100).

At petitioner's change-of-plea hearing, he testified that he had received a copy of the indictment, it had been translated for him, and that he had discussed it with his attorney. He agreed that he understood the maximum possible punishment on each charge, and that there was a mandatory minimum penalty of 10 years for the conspiracy charge. He also testified that he had been provided with a Spanish translation of his stipulation of facts, that it had been read and explained to him, and that he had discussed it with his attorney. He said everything in it was true and correct to the best of his knowledge. And he reiterated that he had done what the stipulation said. Given that testimony, the Court found that petitioner understood the stipulation and admitted it was true (Doc. 113, 14:8–15:23, No. 09-CR-30100). The Court went on to accept petitioner's plea of guilty.[1]

At sentencing, however, petitioner contested a number of factual allegations, including that he had distributed over 5 kilograms of cocaine. After the Government presented evidence, petitioner's attorney stated that had advised petitioner not to testify and petitioner was heeding that advice (Doc. 116, 31:7–10, No. 09-CR-30100). The Court found by a preponderance of evidence that the amount of cocaine reasonably foreseeable to petitioner was more than 5 but less than 15 kilograms (*id.*, 43:1–22).

The Government then asked the Court to remove the three-level reduction being given to petitioner for acceptance of responsibility. The Government noted that petitioner was contesting his relevant offense conduct and even the actions making up his own counts of conviction. Petitioner's attorney opposed removing the reduction, suggesting that peti-

---

[1] Petitioner entered his plea of guilty before U.S. Magistrate Judge Clifford J. Proud, who issued a report and recommendation that this Court adopted.

tioner was only contesting the sentencing because he believed the $90,000 that had been seized from him only translated to 4.5 kilograms of cocaine.

As the attorneys were making their arguments, petitioner said he wanted to make a statement. He was sworn in and put on the witness stand. He then proceeded to contradict his earlier admissions, including those in the stipulation of facts. He evaded the Government's questions[2] and preposterously denied knowing that the $90,000 confiscated from his car was for drugs. As the Seventh Circuit wrote about the sentencing:

> He recanted a stipulation to his guilt and to the drug quantity that was even better than a jury's finding beyond a reasonable doubt. That stipulation was backed by drug transactions between Villa-Gomez and government informants, along with surveillance, voice recordings, information from his codefendant and others, and even Villa-Gomez's own post-arrest interviews. And yet at sentencing Villa-Gomez testified that he was not involved in any drug dealing and did nothing other than transport some currency of unknown origin—$90,000 was seized from his car during the investigation—for a friend who might have been a drug dealer.

*Villa-Gomez*, 400 Fed. App'x at 106 (internal quotation and citation omitted).

After petitioner was questioned by the attorneys, the Government resumed its argument about acceptance of responsibility. It also asked that two points be added to petitioner's offense level for obstruction of justice for lying to the Court. At that point, petitioner's attorney asked for leave to withdraw due to ethical considerations, since he had previously advised his client not to testify. Petitioner said he did not want a new attorney, however, so leave to withdraw was denied.

The Court stated that it was "abundantly clear" that petitioner had perjured himself

---

[2] For instance, petitioner denied earlier admissions that he had dealt drugs to Alex Molina:
> Q: "But didn't you tell agents that you sold drugs to him? An ounce a week for a year?"
> Petitioner: "No, that's what the interpreter said because the interpreter was a police officer.
> … ."
> Q: "So you're saying you never dealt or participated in any drug deals with Alex Molina; is that correct?"
> Petitioner: "I mean can you show me proof, any proof, that you have that I gave Alex Molina drugs?"

(Doc. 116, 48:4–12, No. 09-CR-30100).

and not been truthful. The three-level reduction for acceptance of responsibility was removed and two levels were added for obstruction of justice. That rendered an offense level of 34 and a guidelines range of 151 to 188 months. The Court told petitioner that it had originally been inclined to sentence him at the low end of the guidelines range (which would have been the statutory minimum of 120 months). "However," the Court continued, "your insistence in blatantly lying in front of this Court as part of these proceedings … is not something that I can ignore or set aside. You may have thought that you were outsmarting the system, but you didn't succeed" (*id.*, 59:5–13). Petitioner was sentenced to 168 months in prison for each of the three counts, to run concurrently.

Petitioner appealed, but his attorney believed the appeal was frivolous and moved to withdraw. The Seventh Circuit agreed and affirmed petitioner's conviction and sentence. *See Villa-Gomez*, 400 Fed. App'x at 105–106.

### DISCUSSION

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" may move the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). But relief under § 2255 is "reserved for extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 633–34 (1993)).

Under the Sixth Amendment, a criminal defendant is guaranteed the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *United States v. Recendiz*, 557 F.3d 511, 531 (7th Cir. 2009). To establish ineffective assistance of counsel, the defendant must show both that his counsel's performance was deficient and

that it prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Swanson v. United States*, 692 F.3d 708, 714 (7th Cir. 2012). The proper standard of counsel's performance is that of "reasonably effective assistance," which means the defendant, to prevail, must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is "a heavy burden" to prove ineffective assistance of counsel. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006); *accord United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (To prove both deficient performance and prejudice "is not easy, because courts must presume that counsel is effective.").

## ANALYSIS

First, the Court construes plaintiff's claim that he did not understand the law in the United States as a claim of ineffective assistance of counsel, inasmuch as he says his attorney did not adequately explain the nature of his plea or how the laws work. Petitioner says he did not understand that the drug quantity attributed to him included the drugs his coconspirators were involved with. His misunderstanding purportedly led him to contest the drug amount at his sentencing and contradict his stipulations with the Government and in his plea hearing. He also says he did not understand that the Court was required to impose the mandatory minimum sentence even though it was above the guidelines range. He adds that he only told the Court that he was satisfied with his attorney and the interpreters' services because his attorney told him to say those things to please the judge. Petitioner now apologizes for contesting the drug amount at his sentencing.

The Court finds there is no basis for petitioner's claim. Petitioner entered a *know-*

*ing* plea. "The whole point" of the plea colloquy is to ensure that the plea was knowingly and voluntarily made. *United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998); *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987); Fed. R. Crim. P. 11(b). Thus a claim that can succeed only if the defendant lied to the judge during the plea colloquy "may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005); *accord United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995). "Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999).

Therefore, petitioner here is precluded from claiming he did not understand the law. At the change-of-plea hearing, he affirmed the facts stated in his stipulation and testified in court, under oath, that he was guilty of the offense conduct, including as to the amount of cocaine. He testified that he had discussed the law with his attorney. The charges against him were further explained, including that the mandatory minimum sentence applied. Petitioner's excuse that his attorney instructed him to tell the judge he was satisfied with his attorney and the interpreters' services again means he lied under oath. Petitioner's explanation that he did not understand relevant conduct, or how the drug quantity was being attributed to him, does not make sense; at his sentencing he denied *any* involvement in drug dealing, not just drug amounts attributed to him through coconspirators.

Petitioner's second claim is that the Court erred in imposing an enhancement for obstruction of justice at sentencing because the Court did not specifically identify the perjured testimony. Petitioner says he did not understand the concept of relevant conduct and that his testimony at sentencing was caused by misunderstanding rather than perjury. Consequently, in this motion petitioner argues that his attorney rendered ineffective assistance by not objecting on that basis. Yet petitioner raised the underlying issue, the enhancement

for obstruction of justice, on appeal. The Seventh Circuit rejected it as frivolous. *See Villa-Gomez*, 400 Fed. App'x at 106 ("He recanted a stipulation to his guilt and to the drug quantity that was even better than a jury's finding beyond a reasonable doubt."). Given that finding, petitioner's attorney could not have rendered ineffective assistance by not making the same argument at sentencing.

Third, petitioner claims his attorney failed to argue that the charges against him in the indictment under Title 21 have not been enacted as positive law. He cites *Burgess v. United States*, in which the Supreme Court commented in a footnote: "Although Title 21 of the United States Code has not been enacted as positive law, we refer to it rather than the underlying provisions of the Controlled Substances Act, 84 Stat. 1242, as amended, 21 U.S.C. § 801 *et seq.*, for the sake of simplicity." 553 U.S. 124, 127 n.1 (2008). Petitioner therefore suggests that Title 21 is a nullity and that his conviction should be vacated. This claim is frivolous. That Title 21 has not been enacted as positive law only means that "Congress has not approved the specific placement of the underlying legislation into Title 21 of the U.S. Code. … Congress's failure to approve the specific placement of Title 21 does not affect the validity of the underlying legislation." *Goldsby v. United States*, 152 Fed. App'x 431, 440–41 (6th Cir. 2005) (citing *Henriquez v. United States*, No. 03-Civ-478, 2003 WL 21242722, n. 2 (S.D.N.Y. 2003)); *see also Wilson v. United States*, No. 90-6341, 1991 WL 216477, at *1 (10th Cir. 1991). Again, petitioner's attorney was not ineffective for not making such an argument.

Finally, petitioner mentions that, at the time of sentencing, his wife was in Mexico with their child, and petitioner was not receiving the correct dose of insulin for his diabetes at the local prison. Given those stressful circumstances, petitioner asks the Court to consider his motion under § 2255 favorably. Petitioner clarifies in his reply that his attorney should have argued about petitioner's medical condition at sentencing. The Government construes this as a claim that petitioner's attorney should have argued for a downward de-

parture based on an "extraordinary physical impairment." U.S.S.G. § 5H1.4; *United States v. Poetz*, 582 F.3d 835, 837–38 (7th Cir. 2009). The Sentencing Commission's views, including those on a defendant's extraordinary physical impairment, are not binding, but district courts may look to them for guidance when applying the factors under 18 U.S.C. § 3553(a). *United States v. Powell*, 576 F.3d 482, 499 (7th Cir. 2009).

Petitioner's claim does not constitute grounds for relief in this motion. He does not say whether he told his attorney about the problem with his insulin, so he does not support a claim of ineffective assistance of counsel. Petitioner did not mention diabetes either in his plea hearing or at sentencing. At the plea hearing, he told the Court that he was feeling "fine" and that he had not taken any medicine or pills in the previous 24 hours (Doc. 113, 5:11–16, No. 09-CR-30100). Since petitioner did not make the argument at sentencing, there were no grounds for giving him a lower sentence. *See United States v. Washington*, 385 Fed. App'x 570, 573–74 (7th Cir. 2010) (no grounds for relief on the defendant's appeal of her sentence when she had not explained why her poor health warranted leniency and had not argued at sentencing that she was experiencing complications); *United States v. Nurek*, 578 F.3d 618, 626 (7th Cir. 2009) (explaining that district court was not obligated to specifically discuss the defendant's physical ailments where the ailments were not shown to be significant mitigating factors). Moreover, any error of the kind petitioner suggests is not an extraordinary circumstance that would be grounds for relief under § 2255. *Prewitt*, 83 F.3d at 816; *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013) ("[N]ot every error is corrigible in a postconviction proceeding, even if the error is not harmless.").

The Court finds that petitioner's motion and the files and records in this case conclusively show that he is not entitled to relief. An evidentiary hearing will not be held. *See* 28 U.S.C. § 2255(b); *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006).

### CERTIFICATE OF APPEALABILITY

Should a prisoner appeal a district court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability from the district court or the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the prisoner "has made a substantial showing of the denial of a constitutional right." This means he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court does not believe reasonable jurists would find its assessment of petitioner's constitutional claim, ineffective assistance of counsel, debatable or wrong. Petitioner's arguments do not suggest that his attorney's performance was deficient in any way or that it prejudiced him. Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued.

### CONCLUSION

Petitioner's motion to vacate, set aside, or correct his sentence (Doc. 2) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability will **NOT** be issued. The Clerk of Court is **DIRECTED** to enter judgment in favor of respondent United States of America and against petitioner Alejandro Villa-Gomez.

**IT IS SO ORDERED.**

**DATED: January 23, 2014**

/s/ **WILLIAM D. STIEHL**
     **DISTRICT JUDGE**